UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BETTENCOURT,<br><br>                Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL<br>OPERATIONS, INC.,<br><br>                Defendant. | CIVIL ACTION NO. 05-30179-KPN<br><br>**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF EXPERT AND PRECLUDE PLAINTIFF'S EXPERT, DR. CRAIG MOORE, FROM TESTIFYING AT TRIAL** |

      NOW COMES Defendant, Callaway Golf Ball Operations, Inc. (f/k/a The Top-Flite Golf Company), by and through its counsel Skoler, Abbott & Presser, P.C., and files this Motion to Strike Plaintiff's Designation of Expert and Preclude Plaintiff's Expert, Dr. Craig Moore, From Testifying at Trial pursuant to Fed. R. Civ. P. 37(c)(1).[1]  The Plaintiff's Designation of Expert and accompanying Economic Report by Dr. Craig Moore ("Expert Report") fails to comply with Fed. R. Civ. P. 26(a)(2)(B) in several respects.  The Expert Report is completely void of the witness's qualifications, including a list of publications authored in the last ten years, as well as a list of all other cases in which the witness testified as an expert at trial or deposition within the last four years. The Expert Report also fails to include a signature of the witness or a sufficient statement of compensation to be paid to the witness in this case.

      These omissions, combined with the close proximity to trial and pre-trial deadlines, substantially prejudice the Defendant in its ability to challenge the witness's

---

[1] Identical motions are being filed in the related cases.

qualifications as an expert under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), as well as its ability to adequately depose the witness within the required January 25, 2007, deadline. Therefore, in light of the several months that Plaintiff has had to compile an Expert Report that complies with the Federal Rules of Civil Procedure 26(a)(2)(B), the Defendant asks this court to strike the Plaintiff's Designation of Expert, preclude the Plaintiff from offering any testimony or other evidence related to Dr. Craig Moore at trial, and award Defendant reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to comply with the October 12, 2007, Scheduling Order and Rule 26(a)(2). In further support of this Motion, the Defendant relies on the accompanying Memorandum of Law.

    Respectfully submitted,

    /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:   January 7, 2008    Tel.:  (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion to Strike Plaintiff's Designation of Expert and Preclude Plaintiff's Expert, Dr. Craig Moore, From Testifying at Trial* was served upon the attorney of record for each other party via electronic filing, on January 7, 2008.

    /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.