UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BETTENCOURT,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION NO. 05-30179-KPN<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF EXPERT AND PRECLUDE PLAINTIFF'S EXPERT WITNESS, DR. CRAIG MOORE, FROM TESTIFYING AT TRIAL** |

The Defendant, Callaway Golf Ball Operations, Inc. (f/k/a The Top-Flite Golf Company), by and through its counsel Skoler, Abbott & Presser, P.C., submits this Memorandum of Law in support of its Motion to Strike Plaintiff's Designation of Expert and Preclude Plaintiff's Expert Witness, Dr. Craig Moore, From Testifying at Trial.[1] The Plaintiff's Designation of Expert regarding Dr. Moore and accompanying Economic Report are insufficient in several respects under Fed. R. Civ. P. 26(a)(2)(B). The Defendant requests this court preclude the Plaintiff from offering any testimony or other evidence related to Dr. Craig Moore pursuant to Fed. R. Civ. P. 37(c)(1). In addition to, or in the alternative to, its request to preclude, the Defendant requests this court order the Plaintiff to pay the reasonable expenses, including attorney's fees, caused by its failure to comply with Fed. R. Civ. P. 26(a)(2)(B).

**Legal Argument**

On October 12, 2007, this court issued a Scheduling Order requiring Plaintiff to

---

[1] Identical motions are being filed in the related cases.

designate and disclose information regarding his trial experts as required by Fed. R. Civ. P. 26(a)(2) by December 31, 2007.  Plaintiff, on the afternoon of December 31, 2007, served Plaintiff's Designation of Expert on Defendant.  Plaintiff designated Dr. Craig Moore as an expert witness regarding the Plaintiff's economic losses and included an attachment of Dr. Moore's Economic Report dated December 26, 2007 ("Expert Report").  The Plaintiff's Expert Report, however, is substantially lacking in its compliance with Fed. R. Civ. P. 26(a)(2)(B), and Dr. Moore should thus be precluded from testifying at trial.

Under Rule 26(a)(2), parties intending to introduce an expert witness at trial must disclose to the opposing party a written report, "prepared and signed by the witness" that must contain:

> (i)  a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)  the data or other information considered by the witness in forming them;
>
> (iii)  any exhibits that will be used to summarize or support them;
>
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)  a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2).  Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).

2

A party not in compliance with Rule 26(a)(2) has the burden of proving that its non-compliance was either substantially justified or harmless under Rule 37(c). *See* Alves v. Mazda Motor of America, Inc., 448 F. Supp. 2d 285, 293 (D. Mass. 2006). In describing Rule 37(c), the First Circuit has recently stated:

> In Primus v. United States, 389 F.3d 231 (1st Cir. 2004), we stressed that "[t]he adoption of Rule 37(c)(1) in 1993 'gave teeth to a significantly broadened duty' to comply with case management orders." *Id.* at 234 (citation omitted). Our view of the effect of this rule is well stated in Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), where we declared that it "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches ..., and ***the required sanction in the ordinary case is mandatory preclusion***."

Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 191 (1st Cir. 2006) (emphasis added). In addition to or in lieu of preclusion, the court may also impose other sanctions including reasonable attorney's fees caused by a party's failure to comply with Rule 26. *See* Alves, 448 F. Supp. 2d at 293.

Here, the Plaintiff's Expert Report is severely deficient of the basic requirements of Rule 26(a)(2). First, it is completely void of any of the witness's qualifications as an expert, including a list of the witness's publications within the last ten years, as required by Rule 26(a)(2)(iv). It is also lacking a list of all other cases during the last four years that the witness testified as an expert at trial or deposition, as required by Rule 26(a)(2)(v). The Expert Report states, "[a] list of recent testimony is attached in the appendix to this report along with a current copy of my curriculum vitae as required under [FRCP 26(a)(2)(B)]"; however, no such appendix was attached to any of the four Expert Reports submitted by the Plaintiff in this, and the related cases. *See* Pell v. E.I. DuPont De Nemours & Co., Inc., 231 F.R.D. 186, 193 (D. Del. 2005) (Report "fails to even come close to satisfying the requirements for expert reports under [Fed. R. Civ. P.

3

26(a)(2)(B) where it omits the expert's] qualifications to give expert testimony, namely an identification of his employment history, or identification of publications, or a listing of other cases in which he has testified, or an indication of his compensation from Plaintiffs.").

Further, the Expert Report fails to give a sufficient statement of the compensation to be paid to the witness for his study and testimony as required by Rule 26(a)(2)(vi). The Expert Report states that the expert is being paid $200 per hour for time spent on preparing the report and will be paid $300 for time spent testifying at trial, which is the expert's billing rate. However, a more detailed statement is required under Rule 26(a)(2). *See* Amster v. River Capital Intern. Group, LLC, 2002 WL 2031614, *1 (S.D.N.Y. 2002) ("Although it may be common for attorneys to consider this requirement satisfied by the disclosure of the expert's hourly rate, [Fed. R. Civ. P. 26] on its face refers to the expert's 'compensation,' not to the expert's billing rate.").

Finally, the witness did not sign the Expert Report, which is a basic and simple requirement under Rule 26(a)(2). Although, this by itself would appear to be a mere technical violation of the rule, it should be judged more harshly considering the various other facial violations of Rule 26(a)(2). *See* Marek v. Moore, 171 F.R.D. 298 (D. Kan. 1997) (witness's failure to timely sign expert report formed the basis of a violation of Rule 26(a)(2) warranting sanctions).

Having proven that the Plaintiff's Expert's Report is inadequate under Rule 26(a)(2), the court should preclude the Plaintiff's witness from testifying because the Plaintiff cannot show that its failure to comply with Rule 26(a)(2) was "substantially justified or… harmless." Fed. R. Civ. P. 37(c). The Plaintiff cannot show that its failure

to comply was "substantially justified" because it has been well aware of its obligations under the pending Scheduling Order since this court issued it nearly three months ago, on October 12, 2007. Whether the failure to comply was intentional or due to mere neglect, it is deserving of a sanction under Rule 37(c). *See* Klonoski, 156 F.3d at 269 ("the required sanction in the ordinary case is mandatory preclusion.") (citations omitted). In a case involving a single violation of a court Scheduling Order, the First Circuit upheld the district court's preclusion of a party's expert by stating, "[t]his has not been a tale of lack of effort, of bland disobedience of a series of court orders, or of unsavory scheming, but of what the district court could reasonably view as a miscalculated strategy topped by an inexcusable failure to observe a long-established deadline." Gagnon, 437 F.3d at 197.

Nor can the Plaintiff meet its difficult burden of proving that its failure to comply with Rule 26 was "harmless." *See* Gagnon, 437 F.3d at 197 (The Advisory Committee Notes to the 1993 Amendments to Rule 37 "suggest a fairly limited definition of harmless".). First, *pursuant to the October 12, 2007, Scheduling Order, the parties must complete expert depositions by January 25, 2007*, which leaves Defendant with a limited window to prepare to depose the Plaintiff's expert. Nor can that deadline be readily adjusted, since these four cases are scheduled to commence trial the first week of March. By failing to abide by the disclosure requirements of Rule 26 and the Scheduling Order, the Defendant's already short window to engage in expert discovery, or designate its own experts, is significantly shortened, leaving it with insufficient time to prepare to depose the Plaintiff's witness. Also, the lack of disclosed information prevents the Defendant from making an informed decision of whether to even depose

the witness in the first place or whether to challenge the witness's qualifications as an expert under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Finally, the Plaintiff's failure to comply calls into question the need to push ahead the long-established deadlines established by this court months in advance, which harms the Defendant as well as this court's resources and the need to maintain judicial efficiency.  *See* Id. (Present and future court administration are factors to be considered by the court in determining harmlessness).

For the foregoing reasons, the Defendant respectfully asks this court to grant its Motion to Strike the Plaintiff's Designation of Expert and Preclude the Plaintiff's Expert, Mr. Craig Moore, From Testifying at Trial and award the Defendant reasonable expenses, including attorney's fees, caused by the Plaintiff's failure to comply with the October 12, 2007, Scheduling order and Fed. R. Civ. P. 26(a)(2).

Respectfully submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:   January 7, 2008        Tel.:  (413) 737-4753/Fax: (413) 787-1941

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion to Strike Plaintiff's Designation of Expert and Preclude the Plaintiff's Expert, Dr. Craig Moore, From Testifying at Trial* was served upon the attorney of record for each other party via electronic filing, on January 7, 2008.

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.