UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BEHAYLO,<br>                Plaintiff,<br>-and-<br>JOHN BETTENCOURT,<br>                Plaintiff,<br>vs.<br>THE TOP-FLITE GOLF COMPANY,<br>                Defendant. | CIVIL ACTION NO. 05-30178-KPN<br><br><br>CIVIL ACTION NO. 05-30179-KPN<br><br>**DEFENDANT'S PROPOSED JURY QUESTIONS** |

**You must decide and answer each question independently
for each plaintiff**

    1.    Has the Plaintiff proven that the Defendant retained a substantially younger employee in the Plaintiff's position as a cost accountant after the Plaintiff was laid off, and if so whom?

    As to John Bettencourt:

    Yes _____ No _____

Name of substantially younger replacement: _____

    As to Michael Behaylo

    Yes _____ No _____

Name of substantially younger replacement: _____

    2.    Has the Plaintiff proven that the Defendant failed to treat the Plaintiff age neutrally when it laid him off from his position as a cost accountant?

    As to John Bettencourt:

Yes _____ No _____
As to Michael Behaylo

Yes _____ No _____

If your answer is "No" to question 1 <u>and</u> question 2 then answer no further questions for the Plaintiff for whom you have answered no. If your answer is "Yes" to <u>either</u> question 1 or question 2, proceed to the next question.

     3.    Based on the court's instructions, has the Plaintiff proven by a preponderance of the evidence that Plaintiff's age actually motivated the Defendant's decision to lay him off, and that his age was the determinative factor in the Defendant's decision?

As to John Bettencourt:

Yes _____ No _____

As to Michael Behaylo

Yes _____ No _____

If your answer is "No" to question 3 then answer no further questions for that plaintiff or plaintiffs. If your answer is "Yes" to question 3, proceed to the next question for the plaintiff or plaintiffs for whom you have answered yes.

     4.    Based on the court's instructions, has Plaintiff proven by a preponderance of the evidence that the Defendant intentionally discriminated against him because of his age when it laid him off?

As to John Bettencourt:

Yes _____ No _____

As to Michael Behaylo

Yes _____ No _____

If your answer is "No" to question 4 then answer no further questions. If your answer is "Yes" to question 4, proceed to the next question.

     5.    Do you find that Plaintiff, if not laid off in April 2004, would in any event have been laid off as a result of a business restructuring by the end of 2005?

    As to John Bettencourt:

    Yes _____ No _____

    As to Michael Behaylo

    Yes _____ No _____

    6.    What damages, if any, do you award Plaintiff to compensate him for backpay that he would have received from Defendant if the age discrimination had not occurred?

    As to John Bettencourt:

    $ _____

    As to Michael Behaylo

    $ _____

Proceed to next question.

    7.    Has Plaintiff proven by a preponderance of the evidence that the Defendant "willfully", as that term is described in my Instructions, violated federal law by discriminating against him on the basis of his age?

    As to John Bettencourt:

    Yes _____ No _____

    As to Michael Behaylo

    Yes _____ No _____

                                    Respectfully Submitted,

                                    /s/ Jay M. Presser, Esq.
                                  Jay M. Presser, Esq.
                                  BBO #405760
                                  Counsel for Defendant
                                  Skoler, Abbott & Presser, P.C.
                                  One Monarch Place, Suite 2000
                                  Springfield, Massachusetts  01144
Dated:   February 11, 2008        Tel. (413) 737-4753/Fax (413) 787-1941

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant's, Proposed Jury Questions* was served upon the attorney of record for each other party, via hand delivery, on February 11, 2008.

                                        /s/ Jay M. Presser, Esq.
                                        Jay M. Presser, Esq.