UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BEHAYLO<br>  Plaintiff,<br>vs.<br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br>  Defendant.<br><br>*Consolidated For Trial With*<br><br>JOHN BETTENCOURT<br>vs.<br>CALLAWAY GOLF BALL OPERATIONS, INC.,<br>  Defendant. | CIVIL ACTION NO. 05-30178-KPN<br><br>CIVIL ACTION NO. 05-30179-KPN<br><br>**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EITHER PLAINTIFF FROM PRESENTING ANY EVIDENCE THAT DEFENDANT UNLAWFULLY REFUSED TO HIRE OR REHIRE HIM FOR A DIFFERENT POSITION** |

**I. Introduction**

The Defendant, Callaway Golf Ball Operations, Inc. (f/k/a The Top-Flite Golf Company), by and through its counsel Skoler, Abbott & Presser, P.C., submits this Motion in Limine to preclude Plaintiff from offering any evidence or making any claim that Defendant discriminated against him when it failed to rehire him for another position.

1

Thus, Plaintiffs were two of the four cost accountants (including the department manager, Richard Levandowski) employed by Defendant in April 2004.[1] Both were laid off and Richard Lewandowski remained as the sole cost accountant. The sole claim in this case is that the Defendant's unlawfully *terminated* each Plaintiff in April 2004 based on age, in violation of the Age Discrimination in Employment Act ("ADEA"). The Complaint does not allege a failure to discriminatory recall or rehire.[2] Nor did the administrative charge allege a discriminatory failure to rehire. The scope of the instant Complaint, and the specifics of the prior administrative charge, precludes litigation of any claim that the failure to recall Plaintiff(s) to positions was unlawful. *See* Sauzek v. Exxon Coal, USA, Inc., 202 F.3d 913, 920 (7th Cir. 2000) (…an employer's decision to terminate a worker is a separate and distinct act from a subsequent decision not to rehire that employee during a recall. Because these two employment decisions are wholly independent, they cannot be reasonably related to one another. ").

Thus, while evidence regarding the hiring of Sharon Lally may be admissible to try to establish that the April 2004 decision was pretextual, neither her hire nor the hiring of a second college graduate can be the basis for imposing liability, and evidence or claims to that effect should be precluded. This would include any evidence regarding the qualifications of either Plaintiff to perform a position other than cost accountant.

Thus, the Plaintiffs were terminated in April 2004. It is undisputed that in July 2004 Defendant hired two substantially younger new college graduates, one was

---

[1] These facts were undisputed at summary judgment.

[2] Nor is there any evidence or claim of a practice by Defendant of recalling younger but not older employees, which would be necessary to support such a claim.

Sharon Lally, who, unlike either Plaintiff, worked *both* in the General Accounting Department and, part-time, in the cost accounting.[3] The second was Katarzyna Zlobicka, hired as a financial analyst. There is no claim that she was hired or performed any cost accounting work.

It is undisputed that neither Plaintiff was considered for rehire (or recall) to either position. There is also no evidence that Defendant allowed younger employees, who had received severance pay when their positions were eliminated, to return to fill other positions, whether or not they were qualified for such positions. Thus, evidence that they were not recalled or rehired for Lally's position would be relevant for the limited purpose of trying to establish that the earlier decision was a pretext for discrimination, but cannot serve as the basis for argument that Defendant discriminated by failing to recall either Plaintiff. Evidence relating to the subsequent hiring of an accountant, Zlobicka, for an entirely different position is entirely irrelevant and should be precluded as both irrelevant, likely to cause jury confusion[4] over whether there was such an obligation, and unfairly prejudicial. Thus, even if there had been a vacancy for Zlobinka's position at the time the Plaintiffs were laid off, it is well-settled under the ADEA that an employer is under absolutely no obligation to transfer an employee in lieu

---

[3] Whether Lally was a "replacement" or demonstrates that the employer's asserted reason for its actions are pretextual is contested. This Motion does not seek to preclude testimony regarding her hiring to establish that the April decision was unlawful. It does seek to preclude testimony or argument to the effect that the failure to hire was an independent violation of the ADEA.

[4] There is a dispute as to whether Behaylo, in particular, would have been qualified to perform her job. For the reasons cited in this memo, such dispute is irrelevant and the jury should not be presented with testimony proving or disproving whether either Plaintiff was qualified for a different position than their own, which was filled months after their layoff.

of termination where the employee's position is eliminated during a reduction-in-force ("RIF") layoff.  See Pages-Cahue v. Iberia Lineas Aereas de Espana, 82 F.3d 533, 539 (1st Cir. 1996) ("employers conducting a reduction in force face no obligation to offer 'lower echelon, poorer paying jobs in the restructured enterprise' to all older employees.") *(citations omitted)*; Estevez v. Edwards Lifesciences Corp., 379 F.Supp.2d 261, 265 (D. P. R. 2005) ("An employer does not have the duty to offer a transfer or relocation to another position to a person affected by a layoff.") (*citing* Hold v. The Gamewell Corp., 797 F.2d 36, 38 (1st Cir. 1986)).[5]  *See also,* Sauzek, 202 F.3d at 919 (upholding a Motion in Limine to such effect) ("Surely, every one of the 350[6] employees who lost his or her job as a result of this RIF would have preferred a transfer over a termination. However, a general desire to receive a transfer rather than a pink slip does not establish a discriminatory motive by the employer.).  Similarly, there is no obligation to rehire to the same position, much less a different one, and the failure to do so is not relevant evidence of age discrimination.  Accordingly, and in light of the actual claims raised by the Complaint, a motion in limine is the proper vehicle for excluding such evidence in this case.  *See* Suazek, supra.

---

[5] This rule is consistently applied by other circuits with regard to RIF layoffs under the ADEA.  *See, e.g.*, Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1983); Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir. 1986) ("Where an employer reduces his [or her] workforce for economic reasons, it incurs no duty to transfer an employee to another position within the company.") *(citations omitted)*; Taylor v. Canteen Corp., 69 F.3d 773, 780 (7th Cir. 1995); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1422 (9th Cir. 1990); Earley v. Champion Int'l Corp., 907 F.2d 1077, 1083 (11th Cir. 1990).

[6] Materials before the court show within three years of the asset purchase in bankruptcy, over seven hundred employees have separated from Defendant's employment.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Jay M. Presser, Esq. |
|  | Jay M. Presser, Esq. |
|  | BBO No. 405760 |
|  | Counsel for Defendant |
|  | Skoler, Abbott & Presser, P.C. |
|  | One Monarch Place, Suite 2000 |
|  | Springfield, Massachusetts 01144 |
| Dated: February 19, 2008 | Tel.: (413) 737-4753/Fax: (413) 787-1941 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion in Limine to Preclude Either Plaintiff from Presenting any Evidence that Defendant Unlawfully Refused to Hire or Rehire Him for a Different Position* was served upon the attorney of record for each other party via electronic filing, on February 19, 2008.

    /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.