UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BEHAYLO, )<br>      Plaintiff        ) | |
| ) | |
| vs.                     ) | CIVIL ACTION NO.: 05-30178-KPN |
| ) | |
| CALLAWAY GOLF BALL OPERATIONS, INC.,)<br>      Defendant     ) | |

**Consolidated With:**

| | |
|---|---|
| JOHN BETTENCOURT, )<br>      Plaintiff       ) | |
| ) | |
| vs.                     ) | CIVIL ACTION NO.: 05-30179 KPN |
| ) | |
| CALLAWAY GOLF BALL OPERATIONS, INC., )<br>      Defendant     ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE TESTIMONY OR ARGUMENTS REGARDING SENIORITY; REPLACING MORE EXPENSIVE EMPLOYEES WITH LESS EXPENSIVE EMPLOYEES; STATEMENTS PURPORTED TO SHOW BIAS IF MADE BY INDIVIDUALS OTHER THAN THE DECISION MAKER OR OTHER INDIVIDUAL IN POSITION TO INFLUENCE THE DECISION; AMBIGUOUS STATEMENTS; AND ANECDOTAL "ME TOO" EVIDENCE REGARDING THE LAY OFF OF OTHER EMPLOYEES**

Now comes the Plaintiff and opposes the Defendant's Motion for the following reasons:

Plaintiff objects to the motion as a whole (an in a similar vein to other so called motions in limine that the Defendant has filed) as not really a motion in limine at all. Defendant does not attempt to exclude certain particular and specific evidence for a specific legal reason but rather presents broad categories of evidence (pretty much anything that might harm his case), only small portions of which are specifically defined. In reality, Defendant is re-filing his motion for

summary judgment and attempting to exclude matters that the Court has already deemed relevant.

The first category of statements that the Defendant attempts to exclude are: "Alleged derogatory statements related to length of service or seniority or the failure of the Defendant to consider the employee's seniority when effecting the layoff." Defendant moves to exclude "all evidence and statements of the Defendant's failure to consider employees seniority or derogatory comments regarding seniority or length of service are wholly irrelevant and even if relevant, unfairly prejudicial". This motion is almost impossible to respond to since the reference is to general categories and not particular evidence. At best, Defendant points to a single comment made by Andrew Kelliher that he didn't care about individual's employment history prior to 2003. Mr. Kelliher's statements as a whole are far more telling than this alone and must be seen in their entire context. Otherwise, the Defendant attacks the relevance and prejudicial nature of "testimony" without saying what testimony he is talking about. It is not clear but it seems that the Defendant is trying to have the Court place restrictions on what kind of arguments can be made about relevant evidence rather than trying to raise an objection to a particular piece of evidence. Plaintiff further does not concede that "there is no dispute that the employer did not consider seniority when implementing the layoffs in dispute".

In the next section of their motion, the Defendants seek to exclude references to Defendant "replacing more expensive employees with less expensive employees as unlawful should be precluded as irrelevant and if relevant, unfairly prejudicial." The only piece of evidence that seems to be at issue here is the salary of Sharon Lally and perhaps the salary of another young accountant hired at the same time, Katarzyna Sablicka. If Defendant wishes to exclude their salaries from evidence, the Plaintiff will agree. No other particular evidence is

cited and the Defendant refers to Plaintiff's counsel's potential arguments as "testimony". Otherwise, there is no matter concerning particular evidence that is cited in this section of the motion.

Next, the Defendant moves to exclude "ambiguous statements (including references to "deadwood") and comments by someone other than the individual making the decision at issue should be precluded".  Here, the Defendant cites testimony of both Andrew Kelliher and James Bosworth who made references to deadwood.  Defendant argues that these comments should not be allowed. It should be noted that the Court itself in its ruling on summary judgment referred to these comments on page 25 of its decision.

As to whether or not comments made by one supervisor should be relevant to other cases, the fact of the matter is that as the Court itself noted, all of these gentlemen were hired by Mr. Penicka who openly expressed his desire for younger management and most of them made comments at one time or another which showed that they agreed with his approach.  The overall context shows at atmosphere of discrimination and is entirely relevant to the case.

Secondly, the Defendant moves to exclude Mr. Levandowski's testimony about the finance department's periodic review of the costs associated with the age of its workforce.  Part of this review included Mr. Kelliher, (a decision maker) and Mr. Fry (a decision maker) as well as Mr. Levandowski.  Even if this particular evidence does not directly concern the particular Plaintiffs, it certainly shows a dramatic bias against older workers.

Out of all these issues, it is fair to impute the opinions of Mr. Penicka to the other decision makers because he was in a position of influence over them and had made the remarks in their presence.  Such evidence is sufficient to show pretext. *Ercegovich v. Goodyear Tire and*

*Rubber Company*, 154 F.3d 344, (6th Cir.1998) and *Russell v. McKinney Hospital Venture*, 235 F.3d 219 (5th Cir. 2000), *Morse v. Southern Union Company*, 174 F.3d 917 (8th Cir. 1999).

Next, the Defendant attempts to exclude "any alleged statements made by James Bosworth as irrelevant and unfairly prejudicial to the Defendant." First, it should be noted that most of Mr. Bosworth's statements at issue are not "alleged statements" they are statements he himself made at the deposition in this case. Secondly, Mr. Bosworth is fair game because he was hired by Mr. Penicka and was targeted by Mr. Penicka as far back as the fall of 2003. It is relevant that his attitude personifies the statements made by Mr. Penicka at the Chicopee Chamber of Commerce.

Defendant next seeks to exclude so called "me too" evidence at trial as irrelevant and highly prejudicial to the Defendant. Of course, evidence of discrimination is highly prejudicial to Defendant, but it is probative and unfairly prejudicial. Here the Defendant seeks to exclude the testimony of presumably each individual Plaintiff in other Plaintiff's cases as well as the testimony of Mr. Richardson and Mr. Gielow regarding their terminations. Oddly enough, Defendant cites a case which strongly supports the introduction of this evidence into this case. *Cummings v. Standard Register Company*, 265 F.3d 56, 63 (1st Cir. 2001). (It should be noted that the quote, which the Defendant attributes to the First Circuit on page 63, nowhere appears on page 63. In *Cummings*, the Court found that it was not error to allow into evidence the testimony of two former defendant employees, one of whom had been filed two years prior to the plaintiff's firing and another who had been fired in the same year. The two other employees who testified about their discriminatory terminations worked in different divisions and for different supervisors than the plaintiff did. *Id. at 61*. By contrast in this case, all of the individuals worked under the same man, Robert Penicka, and each of the decision makers worked under the

4

same man, Robert Penicka, and all of the layoff decisions were made between April, 2004 and July, 2004. Furthermore, all of the individuals worked in the same plant in Chicopee other than Mr. Richardson and Mr. Gielow, although even they were supervised out of Chicopee. In *Cummings*, the other employees worked at different time periods, under different supervisors, and in different areas of the company, yet the Court found that it was not error to admit that testimony. The District Court allowed the evidence in order to show what the atmosphere was at the company and the Court of Appeals held:

> However, "evidence of a corporate state of mind, or a discriminatory atmosphere is not rendered irrelevant by its failure to coincide precisely with the particular actors or timeframe involved in the specific claim that generated a claim of discriminatory treatment. *Id. at 597.* Rather, the trial court must consider the evidence in light of the entire case and determine whether it provides a basis for reasonable inferences related to the plaintiff's claim. See, e.g., *Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 33 (1st Cir. 1999).

The evidence therefore should be admitted.

          THE PLAINTIFFS, JOHN BETTENCOURT AND
          MICHAEL BEHAYLO
          BY THEIR ATTORNEY

Dated: February 25, 2008
          /S/ Maurice M. Cahillane
          Maurice M. Cahillane, Esq.
          EGAN, FLANAGAN AND COHEN, P.C.
          67 Market Street - Post Office Box 9035
          Springfield, MA 01102
          (413) 737-0260; Fax: (413) 737-0121
          BBO# 069660

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served this 25nd day of February, 2008, on all parties, by electronic delivery to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

          /S/ Maurice M. Cahillane
          Maurice M. Cahillane, Esquire

12085-050157\Document in ProLaw