UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL BEHAYLO, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 05-30178-KPN |
| | ) | |
| CALLAWAY GOLF BALL OPERATIONS, INC., | ) | |
|     Defendant | ) | |

**Consolidated With:**

| | | |
|---|---|---|
| JOHN BETTENCOURT, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 05-30179 KPN |
| | ) | |
| CALLAWAY GOLF BALL OPERATIONS, INC., | ) | |
|     Defendant | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE EITHER PLAINTIFF FROM PRESENTING
ANY EIVDENCE THAT DEFENDANT UNLAWFULLY REFUSED TO
HIRE HIM FOR DIFFERENT POSITION**

Now comes the Plaintiff and opposes the Defendant's motion for the following reasons:

1. Defendants here again in this motion are attempting to address issues which are properly the subject of summary judgment, and failing that, the subject of testimony at trial. Defendant's motion completely ignores the obvious conclusion that a jury could draw from the sequence of events which occur. Shortly after laying off both Mr. Behaylo and Mr. Bettencourt who had served as cost accountants, but who had considerable experience and general accounting experience, the company went out and hired two college students in their 20's to work on accounting matters in the company. It would be fair under the circumstances for the

jury to conclude that the company knew that it had worked for Mr. Behaylo and Mr. Bettencourt, but chose instead to hire college kids to do the jobs that needed to be done. Defendants assertions are based on their own favorable interpretation of their evidence that everyone should simply accept at face value the company's assertion that as of April, 2004 had no more need of any accountants when the company turned right around and very quickly advertised for and hired two young accountants. Even if the company was not aware in April of 2004 that it would have a continuing need for accounting services, the fact that it did not call back Mr. Bettencourt or Mr. Behaylo, who it was already paying severance pay to, demonstrates further their desire for a young workforce. Citation to cases that involve reductions in force are not appropriate. Ms. Lalli and Ms. Nozoblicka were *new hires.* The fact that they were hired shows the lack of need for a reduction in workforce of Mr. Bettencourt and Mr. Behaylo and not necessarily the need to transfer them.

        THE PLAINTIFFS, MICHAEL BEHAYLO AND
        JOHN BETTENCOURT
        BY HIS ATTORNEY

Dated: February 25, 2008
        /S/ Maurice M. Cahillane
        Maurice M. Cahillane, Esq.
        EGAN, FLANAGAN AND COHEN, P.C.
        67 Market Street - Post Office Box 9035
        Springfield, MA 01102
        (413) 737-0260; Fax: (413) 737-0121
        BBO# 069660

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served this 25nd day of February, 2008, on all parties, by electronic delivery to Jay M. Presser, Esq., Skoler, Abbott & Presser, 1 Monarch Place, Springfield, MA 01144.

/S/ Maurice M. Cahillane
Maurice M. Cahillane, Esquire

12084-050156\153020